Filed 9/2/25  P. v. Haros CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084811 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF2400113) |
| RAYMOND HAROS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, John M. Monterosso, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Raymond Haros appeals a judgment following his guilty plea to arson in violation of Penal Code[1] section 451, subdivision (c), in exchange for a

---

[1]   All further statutory references are to the Penal Code unless otherwise indicated.

stipulated sentence of two years and dismissal of additional allegations and a prior strike.

Appellate counsel filed a brief presenting no argument for reversal but inviting this court to review the record for error under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We offered Haros the opportunity to file his own brief on appeal, but he has not done so. Having independently reviewed the entire record for error as required by *Wende* and *Anders*, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

At the preliminary hearing, a Riverside County fire captain testified she responded one evening to a report of a fire within a vacant business suite in a commercial strip mall. A witness working in the bakery next door reported he had heard a loud banging noise coming from the vacant suite. He saw smoke and an individual later identified as Haros inside the suite. An arson investigator determined the fire had been intentionally set in wooden beams supporting a raised alcove within the vacant suite. Police found a plastic lighter with remnants of burnt plastic in Haros's pocket.

The People filed a complaint charging Haros with arson of a structure in violation of section 451, subdivision (c). The complaint alleged that the arson occurred during a state of emergency proclaimed by the governor under section 454, subdivision (a)(2). The complaint also alleged a prior strike within the meaning of section 667, subdivision (a).

Haros pleaded guilty to arson in violation of section 451, subdivision (c) and misdemeanor possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a). The parties stipulated the preliminary hearing transcript provided a factual basis for the guilty plea. In exchange for the guilty pleas, the People dismissed the state of emergency

allegation and the prior strike. The court sentenced Haros to two years in state custody consistent with the parties' agreement.

## DISCUSSION

Appellate counsel filed a *Wende* brief asking the court to review the record for error. To assist the court in its review and in compliance with *Anders*, counsel identified as a possible issue in evaluating the potential merits of this appeal whether appellant should have been permitted to withdraw his guilty plea.

Haros did not obtain a certificate of probable cause. Without a certificate of probable cause, he cannot contest the validity of his plea. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(3); see generally, *People v. Johnson* (2009) 47 Cal.4th 668, 676–681.)

We have independently reviewed the record and have considered the possible issue identified by Haros's counsel. (See *Wende, supra*, 25 Cal.3d 436; *Anders, supra*, 386 U.S. 738.) In particular, we considered whether the trial court's statements at the conclusion of the preliminary hearing as to the sufficiency of evidence of malicious intent cast doubt on Haros's subsequent plea to a felony charge that includes such intent. Although a more clear and direct inquiry by the trial court about the factual basis for a guilty plea would have been helpful to avoid any later questions, we conclude no reasonably arguable issues support a reversal.

Competent counsel has represented Haros in this appeal.

## DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:

BUCHANAN, Acting P. J.

RUBIN, J.